# PEOPLE EX REL WILLIAM H. BARTON, RELATOR v. ADDISON JOHNSON, AGENT AND WARDEN OF SING SING PRISON, RESPONDENT.

*Supreme Court, Westchester County Special Term, November, 1904.*

(Unreported.)

INDETERMINATE SENTENCE—WHEN CRIME COMMITTED AFTER APRIL 6, 1903.

Where a crime is committed after April 6, 1903, and after L. 1903, chap. 137 had taken effect, the prisoner may properly receive such a minimum term, not less than one year, as the trial judge thinks proper.

John R. Heinzelman, for motion.

Robert C. Taylor, opposed.

The relator, Barton, had been convicted of bigamy and was a first offender. His crime was committed in July, 1904. He received an indeterminate sentence of not less than four years and not more than five years in State prison. As his offense was committed after the enactment of L. 1903, Chap. 137, he was not entitled to statutory commutation (under L. 1886, Chap. 21).

His counsel argued that if a second offender, who was not entitled to an indeterminate sentence, had received a definite sentence of five years, his statutory commutation of seventeen months would have enabled him to be released in three years and five months. That, as it was, Barton, who was only a first offender, could not be released until the expiration of four full years. Counsel claimed that the policy of the Legislature was to show consideration to first offenders, and that the sentence violated this policy, and was void.

KEOGH, J., said (orally) that such might be the general policy of the law; but that, in the particular case, the judge clearly had discretion to impose the sentence, and that he could not interfere upon *habeas corpus.*

Writ dismissed; prisoner remanded; no opinion.